UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARELL HARLOW,

                            Plaintiff,

                                                                      5:18-CV-01215

v.

                                                                        (MAD/TWD)

ALLEN REBECCA HEARD,

                            Defendants.
_____

APPEARANCES:

DARELL HARLOW
18-B-1614
Plaintiff pro se
Attica Correctional Facility
Box 149
Attica, New York 14011

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

       The Clerk has sent to the Court for initial review under 28 U.S.C. § 1915(e) the amended complaint of *pro se* Plaintiff Darell Harlow in this 42 U.S.C. § 1983 civil rights action. (Dkt. No. 27.) Plaintiff's original complaint named as Defendants Allen Rebecca Heard ("Heard"), three John Doe Syracuse Police Officers, and one Jane Doe Syracuse Police Officer; then City of Syracuse Police Chief, Frank Fowler ("Chief Fowler"); and the City of Syracuse. (Dkt. No. 1.) On February 25, 2019, the Hon. Mae A. D'Agostino, adopted this Court's Report-Recommendation and dismissed Plaintiff's claims against the City of Syracuse and Chief Fowler with leave to amend. (Dkt. No. 5.) Judge D'Agostino found that Plaintiff's Fourth Amendment false arrest and conspiracy claims of against Defendants Heard, John Does #1-3, and Jane Doe #4

survived initial review and directed service of the summons and complaint.[1]

In the amended complaint now before for the Court for initial review, Plaintiff has identified Defendants John Does #1-3 and Jane Doe #4 as Syracuse Police Officers Daniel Shipe ("Shipe"), Michael Kowalewski ("Kowalewski"), Jason Tom ("Tom"), and Ann Marie Beaupre ("Beaupre"), based upon information provided by defense counsel. (Dkt. Nos. 24; 27 at 1-3.[2]) Plaintiff has not included the previously dismissed City of Syracuse as a Defendant but has included Defendant former Chief Fowler, who was retained as a Defendant solely for purpose of service on the now identified Doe Defendants.

The Court has reviewed Plaintiff's amended complaint and finds its allegations to be virtually identical to those in his original complaint other than including the names of the Syracuse Police Officers who have been substituted for the Doe Defendants in the amended complaint. (*Compare* Dkt. Nos. 1 and 27.) Therefore the Court recommends that the amended complaint survive initial review, that service of the summons and complaint, along with packets containing a new General Order 25, be directed on Defendants Heard, Shipe, Kowalewski, Tom, and Beaupre, and that those Defendants be required to respond to the amended complaint.[3] The

---

[1] Service on John Does #1-3 and Jane Doe #4 was to be made on former Chief Fowler, who had remained listed as a Defendant solely for service and discovery purposes with regard to the Doe Defendants until such time as the District Court ordered otherwise. (See Dkt. No. 4 at 11.) By Text Order, dated February 25, 2019, Judge D'Agostino terminated Syracuse Police Officers John Doe #5 and Jane Doe #6, against whom Plaintiff had made no allegations, from the case docket.

[2] Page references to documents identified by docket number are to the page numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

[3] The summons and original complaint were returned unexecuted as to Defendant Heard and Chief Fowler. (Dkt. Nos. 13, 26.)

Court further recommends that the District Court issue an order directing that former Chief Fowler be removed as a Defendant from the case docket in light of the identification of the Doe Defendants.

The Court notes that on April 29, 2019, the Office of the Corporation Counsel of the City of Syracuse moved for dismissal with prejudice of Plaintiff's original complaint on behalf of John Does #1-3 and Jane Doe # 4, the City of Syracuse, and former Chief Fowler pursuant to Rule 12 of the Federal Rules of Civil Procedure, on the grounds that they were not served with the summons and complaint within the applicable statute of limitations period. (Dkt. No. 17.) The Court recommends that the District Court deny the motion as moot inasmuch as the complaint has been superseded by the amended complaint.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's § 1983 Fourth Amendment false arrest and conspiracy claims against Defendants Heard, Shipe, Kowalewski, Tom, and Beaupre in Plaintiff's amended complaint (Dkt. No. 27) **SURVIVE** initial review and require a response; and it is hereby

**RECOMMENDED** that the District Court issue an Order directing that former Chief Fowler be removed as a Defendant from the case docket in light of the identification of the Doe Defendants; and it is further

**RECOMMENDED** that the motion to dismiss (Dkt. No. 17) filed on behalf of the Doe Defendants, the City of Syracuse, and Fowler be denied as moot inasmuch as the complaint has been superseded by the amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: June 21, 2019
          Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).