**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DARELL HARLOW,**

                                 **Plaintiff,**

   vs.                                                      5:18-CV-01215
                                                                    (MAD/TWD)

**ALLEN REBECCA HEARD;
JOHN DOES #1-3; JANE DOE #4;
FRANK FOWLER,** *Chief of Syracuse Police*; **and
CITY OF SYRACUSE,**

                                 **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**DARELL HARLOW**
18-B-1614
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

**CITY OF SYRACUSE**                **CHRISTINA F. DEJOSEPH, ESQ.**
**CORPORATION COUNSEL**
230 East Washington Street
Room 300 City Hall
Syracuse, New York 13202
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    Plaintiff commenced this action *pro se* on October 11, 2018. *See* Dkt. No. 1 at 1.

Plaintiff's initial complaint asserted claims against Defendants Allen Rebecca Heard, Syracuse

Police Department Officers John Does #1-3 and Jane Doe #4, Syracuse Police Chief Frank

Fowler, and the City of Syracuse pursuant to 42 U.S.C. § 1983. *See id*. On February 25, 2019,

the Court adopted Magistrate Judge Dancks' Report-Recommendation, dismissing Plaintiff's

complaints against the City of Syracuse and Police Chief Frank Fowler with leave to amend. *See* Dkt. No. 5 at 7. The Court found that the remainder of the claims survived initial review and directed service of the summons and complaint.[1] *See id*.

On June 5, 2019, Plaintiff filed an amended complaint. In reviewing the amended complaint, Magistrate Judge Dancks found Plaintiff's amended complaint to be

> virtually identical to those in his original complaint other than including the names of the Syracuse Police Department Officers .... Therefore, [Magistrate Judge Dancks] recommend[ed] that the amended complaint survive initial review, that service of the summons and complaint, along with packets containing a new General Order 25, be directed on Defendants Heard, Shipe, Kowalewski, Tom, and Beaupre, and that those Defendants be required to respond to the amended complaint.

Dkt. No. 28 at 2. Additionally, Magistrate Judge Dancks took note of a motion to dismiss by the Office of Corporation Counsel for the City of Syracuse on behalf of John Does #1-3 and Jane Doe #4, the City of Syracuse and former Chief Fowler, on the grounds that Defendants were not served with the summons and complaint within the applicable statute of limitations period. *See* Dkt. No. 17-2 at 3-5. Magistrate Judge Dancks found that the Court should "deny the motion as moot inasmuch as the complaint has been superseded by the amended complaint." Dkt. No. 28 at 3. No objections to the Report-Recommendation were filed by either party.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

---

[1] Service on John Does #1-3 and Jane Doe #4 was to be made through former Chief Fowler, who remained listed as a Defendant solely for service and discovery purposes with regard to the Doe Defendants. *See* Dkt. No. 4 at 11. On February 25, 2019, the Court, via Text Order, terminated Syracuse Police Officers John Doe #5 and Jane Doe #6, against whom Plaintiff had made no allegations.

when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

As Magistrate Judge Dancks correctly found, Plaintiff's amended complaint contains allegations essentially identical to those of the original complaint, save for the replacement of the Doe Defendants with named Syracuse Police Officers. *See* Dkt. No. 28 at 2. Therefore, the Court finds no clear error with Magistrate Judge Dancks' finding that the amended complaint survives initial review. *See id*. at 3. The Court further finds no clear error in the recommendation that service of the summons and complaint, along with new General Order 25 packets, be directed on Defendants Heard, Shipe, Kowalewski, Tom, and Beaupre. *See id*.

Given that the Doe Defendants are now named, the Court finds no clear error in the recommendation that former Chief Fowler be removed as a Defendant on the docket. *See id*. Finally, the Court finds no clear error in Magistrate Judge Dancks' finding that the Court should deny Defendants' motion as moot, given the filing of the amended complaint.

For the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 28) is **ADOPTED in its entirety**; and the Court further

**ORDERS** Plaintiff's Fourth Amendment false arrest and conspiracy claims against Defendants Heard, Shipe, Kowalewski, Tom, and Beaupre in Plaintiff's amended complaint (Dkt. No. 27) **SURVIVE** initial review and require a response; and the Court further

**ORDERS** that former Chief Fowler is terminated as a Defendant in light of identification of the Doe Defendants; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 17) is **DENIED as moot** inasmuch as the complaint has been superseded by filing of the amended complaint; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon Defendants.

**IT IS SO ORDERED.**

Dated: September 5, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge