UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARELL HARLOW,

                              Plaintiff,

   vs.                                                       5:18-CV-01215
                                                                    (MAD/TWD)

ALLEN REBECCA HEARD,
OFFICER DANIEL SHIPE,
OFFICER ANN MARIE BEAUPRE,
OFFICER MICHAEL KOWALEWSKI,
OFFICER JASON TOM,

                              Defendants.
_____

**APPEARANCES:**                               **OF COUNSEL:**

DARELL HARLOW
18-B-1614
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**CITY OF SYRACUSE**                    **CHRISTINA F. DEJOSEPH, ESQ.**
**CORPORATION COUNSEL**
230 East Washington Street
Room 300 City Hall
Syracuse, New York 13202
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On October 11, 2018, Plaintiff commenced this civil rights action, alleging Defendants violated his constitutional rights under 42 U.S.C. § 1983. *See generally* Dkt. No. 1. On June 5, 2019, Plaintiff filed an amended complaint asserting the same Fourth Amendment false arrest and

conspiracy claims against Defendants. *See generally* Dkt. No. 27.

Currently before the Court is Defendants' unopposed motion to dismiss Plaintiff's amended complaint with prejudice pursuant to Fed. R. Civ. P. 12(b).[1] *See* Dkt. No. 34.

## II. BACKGROUND

In his original complaint, Plaintiff alleges that Defendants violated his constitutional rights under 42 U.S.C. § 1983. *See* Dkt. No. 1 at 1. The complaint originally named as Defendants Allen Rebecca Heard ("Heard"), three John Doe Syracuse Police Officers, one Jane Doe Syracuse Police Officer, then City of Syracuse Police Chief Frank Fowler, and the City of Syracuse. *See id.* On February 25, 2019, this Court adopted Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation, dismissing Plaintiff's complaint against the City of Syracuse and Police Chief Frank Fowler with leave to amend. *See* Dkt. No. 5 at 7. This Court found that the remainder of the claims survived initial review and directed service of the summons and complaint.[2] *See id.*

On May 1, 2019, Plaintiff advised that he "learned the name of one of the four John/Jane Doe defendants." *See* Dkt. No. 19 at 2. Plaintiff indicated, in a separate letter, that he wanted to "add one name and remove one of the John Does's [sic] to add officer Shipe, badge #0524" to "replace one of the John Doe' [sic] names." *See* Dkt. No. 20. On May 15, 2019, Defendants' counsel filed a status report advising of the identities of the then-named Doe Defendants. *See*

---

[1] For the purposes of this Memorandum-Decision and Order, "Defendants" refers to Defendant Syracuse Police Officers Daniel Shipe, Ann Marie Beaupre, Michael Kowalewski, and Jason Tom. Defendant Allen Rebecca Heard is not a party to this motion, nor has she appeared in this action as of the date of this Memorandum-Decision and Order.

[2] Service on John Does #1–3 and Jane Doe #4 was to be made through former Police Chief Frank Fowler, who remained listed as a Defendant solely for the purposes of service and discovery with regard to the Doe Police Officers. *See* Dkt. No. 4 at 11. On February 25, 2019, this Court, via Text Order, terminated Syracuse Police Officers John Doe #5 and Jane Doe #6, against whom Plaintiff had made no allegations.

Dkt. No. 24.

On June 5, 2019, Plaintiff filed an amended complaint. *See* Dkt. No. 27. In his amended complaint, Plaintiff identified Defendants John Does #1–3 and Jane Doe #4 as Syracuse Police Officers Daniel Shipe ("Shipe"), Michael Kowalewski ("Kowalewski"), Jason Tom ("Tom"), and Ann Marie Beaupre ("Beaupre") (collectively "City Defendants"), based upon information provided by defense counsel. *See* Dkt. No. 27 at 1–3.

Plaintiff alleges that at approximately 11:30 PM on February 1, 2016, Defendants Shipe and Kowalewski entered an apartment Plaintiff shared with Defendant Heard using a key provided to them by Defendant Heard, whom Plaintiff had not seen for a week. *See* Dkt. No. 27 at 5. Plaintiff alleges that Defendants Shipe and Kowalewksi entered his bedroom with guns and flashlights drawn, then stated "[g]et your hands up or we will shoot." *Id.* Plaintiff was fearful for his life, and subsequently placed his hands up while in bed and begged "[d]on't shoot[] don't kill me." *Id.* Defendants Shipe and Kowalewski placed their guns back in their holsters, grabbed Plaintiff's wrists, and snatched him off of the bed and onto the floor on his stomach. *See id.* Plaintiff then noticed the presence of other City of Syracuse Police Officers, Defendants Beaupre and Tom. *See id.* at 5–6. Plaintiff was only allowed to put his pants on before being taken to the police van outside with no shoes, socks, or shirt. *See id.* at 6.

Defendant Heard was standing outside of the apartment with Defendants Shipe and Beaupre, and Defendants Kowalewski and Tom were in the police van looking through Plaintiff's phone. *See id.* Plaintiff alleges that he was arrested based on false statements against him by Defendant Heard and was subsequently charged, based on these statements, with two counts of assault, criminal mischief, possession of a weapon (a vacuum cleaner), trespassing, and child endangerment. *See id.* According to Plaintiff, Defendant Heard called 9-1-1 on February 1, 2016,

concerning an alleged assault a few days prior, but "chok[ing] in her words" told the 9-1-1 operator that Plaintiff had done nothing wrong on that date, but just wanted him out of the house. *Id.* at 6–7. Plaintiff contends these underlying charges were based on false information provided by Defendant Heard. *See id.* at 7.

Plaintiff was subsequently transported to the Justice Center and booked on what he alleges were false charges. *See id.* Plaintiff was arraigned on February 4, 2013, and appeared for a preliminary hearing on February 9, 2013. *See id.* Defendant Heard testified that Plaintiff had assaulted her multiple times, once with a vacuum cleaner and another time with his hands and feet. *See id.* Defendant Heard also testified that Plaintiff destroyed property with a hammer. *See id.* None of the other Defendants appeared at the preliminary hearing. *See id.* at 8. After the hearing, Plaintiff was released on $10,000 bond. *See id.*

According to Plaintiff, pre-trial appearances were scheduled on multiple occasions from February 2016 until January 2018, and no Defendants appeared. *See id.* A false arrest complaint was filed on Plaintiff's behalf with the Citizens Review Board and Police Chief Frank Fowler. *See id.* These charges were dismissed on or about January 11, 2018. *See id.*

Defendants now move to dismiss Plaintiff's amended complaint with prejudice. *See* Dkt. No. 34. The merits of this motion will be addressed herein.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all

4

reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (internal quotation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations

omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    Statute of Limitations**

Defendants argue that Plaintiff's claims for false arrest and conspiracy are time barred under the applicable three-year statute of limitations. *See* Dkt. No. 34-2 at 3–13.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is borrowed from the state statute of limitations for personal injury actions under the law of the state in which the federal court sits. *See Griffin v. Doe*, 71 F. Supp. 3d 306, 317 (N.D.N.Y. 2014) (citing *Owens v. Okure*, 488 U.S. 235, 250–51 (1989) (section 1983); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011) (*Bivens*)) (other citations omitted). Federal courts sitting in New York apply a three-year statute of limitations period to claims arising under Section 1983. *See Griffin*, 71 F. Supp. 3d at 317 (citations omitted). A statute of limitations provides an affirmative defense, and the burden is on the defendant to establish when a claim accrues. *See Gonzalez*, 651 F.3d at 322 (citing Fed. R. Civ. P. 8(c)).

While state law dictates the applicable statute of limitations, the accrual date of these causes of action is a question of federal law that is not resolved by reference to state law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

The statute of limitations for a claim of false imprisonment — and false arrest, which is a species of false imprisonment — begins to run "when the alleged false imprisonment ends."

6

*Wallace*, 549 U.S. at 388–89 (internal quotation marks omitted). False imprisonment ends when "'the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges.'" *Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 Fed. Appx. 672, 675 (2d Cir. 2009) (quoting *Wallace*, 549 U.S. at 388–89). The Supreme Court has explained that, when a plaintiff brings a false arrest claim, "'damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.'" *Wallace*, 549 U.S. at 390 (quotation omitted). "In short, a false imprisonment claim starts to run when a detainee begins to be held pursuant to legal process." *Watson v. United States*, 865 F.3d 123, 131 (2d Cir. 2017).

The same three-year statute of limitations applies to conspiracy claims under § 1983. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). The existence of a conspiracy "does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs. It is the wrongful act, not the conspiracy, which is actionable, whether that act is labelled a tort or a violation of s 1983." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980) (internal citation omitted).

In the present matter, Defendants argue that Plaintiff's false arrest claims are untimely. According to Defendants, Plaintiff's false imprisonment claim accrued on February 2, 2016, at the latest (as Defendants entered Plaintiff's apartment at around 11:30 PM on February 1, 2016). *See* Dkt. No. 34-2 at 4. Thus, the expiration of the statute of limitations would be February 2, 2019. *See id.* Plaintiff's amended complaint was dated May 30, 2019, nearly four months after the expiration of the limitations period. *See* Dkt. No. 27. The amended complaint was the first identification of the named Defendants (rather than the "Doe" nomenclature). *See id.*

Generally, according to the Second Circuit,

> "'John Doe'" pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party being sued." John Doe substitutions, then, "may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met." Amended pleadings that meet the requirements of Rule 15(c) are considered to "relate back" to the date of the original complaint.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (internal citations omitted). Two subsections of Rule 15(c) are relevant here, as is the concept of equitable tolling; the Court will discuss each concept in turn.

### *1. Relation Back Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure*

Rule 15(c)(1)(C) provides the federal standard for relation back. For an amended complaint adding a new party to relate back under this Rule, the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will be not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity,* the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–69 (2d Cir. 1995)) (emphasis in original).

Here, there is no question that the claims asserted in the amended complaint arise from the same conduct set forth in the original complaint; in fact, Magistrate Judge Dancks found the claims in the amended complaint to be "virtually identical to those in [Plaintiff's] original complaint other than including the names of the Syracuse Police Department Officers . . . ." Dkt.

8

No. 28 at 2.

Under Rule 15(c)(1)(C), the amendment must also be within the period provided by Rule 4(m) to satisfy the notice prong of the Rule. *See* Fed. R. Civ. P. 15. Rule 4(m) sets forth that if a defendant is not served within ninety days of the filing of the complaint, the court must dismiss the action without prejudice, order that service be made, or extend the time for service if the plaintiff shows good cause. *See* Fed. R. Civ. P. 4(m). This time is further restricted by the Local Rules of this Court, which require that service be effectuated within sixty days. *See* N.D.N.Y.L.R. 4.1(b). Although "actual notice is preferable, constructive notice may be sufficient." *Feliciano v. Cnty of Suffolk*, No. CV 03-5321, 2013 WL 1310399, *8 (E.D.N.Y. Mar. 28, 2013) (citing *Curry v. Campbell*, No. 06-CV-2841, 2012 WL 1004894, *3 (E.D.N.Y. Mar. 23, 2012); *Smith v. Westchester Cnty. Dep't of Corrs.*, No. 07 Civ. 1803, 2012 WL 527222, *4 (S.D.N.Y. Feb. 15, 2012)). On February 25, 2019, this Court ordered that a courtesy copy of the original complaint should be served on Syracuse Corporation Counsel, the entity that represents Defendants.[3] *See* Dkt. No. 5. Service was completed within sixty days on April 23, 2019. *See* Dkt. No. 14; Dkt. No. 34-2 at 8. This Court ordered on May 8, 2019 that, because Plaintiff had not yet effectuated service of his complaint on any individual defendant, he was permitted to file an amended complaint as a matter of course. *See* Dkt. No. 23. This Court then ordered that the amended

---

[3] This service constitutes constructive notice. "[T]he inclusion of 'John Doe' defendants clearly signals the plaintiff's lack of knowledge as to the identity of certain defendants, thereby alerting defense counsel, at the beginning of a case, to the existence of defendants that have yet to be identified." *Smith*, 2012 WL 527222, at *8. Furthermore, "[a]lthough the original Complaint does not provide any details about the John Doe Defendants, such as their badge numbers or other identifying characteristics, the Complant does refer to the dates, locations, and time of day of certain of the alleged incidents . . . facts which should have enabled [defense counsel] to investigate and match up the identity of at least some of the John Doe Defendants based on the daily duty assignments." *Feliciano*, 2013 WL 1310399, at *8 (citing *Curry*, 2012 WL 1004894, at *5).

complaint should be served on all individual Defendants on September 5, 2019.  *See* Dkt. No. 30.

However, most importantly, the Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not originally named because the plaintiff did not know their identities."  *Hogan*, 738 F.3d at 517 (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)).  It is well settled that lack of knowledge regarding a John Doe Defendant's identity "does not constitute a 'mistake of identity'" for the purposes of Rule 15(c)(1)(C).  *See Hogan*, 738 F.3d at 518 (citing *Barrow*, 66 F.3d at 470).

Accordingly, Plaintiff's amended complaint is time-barred under Rule 15(c)(1)(C) because it does not relate back to the original complaint under all provisions of the rule.  Therefore, the Court must assess whether Rule 15(c)(1)(A) would prevent Plaintiff's amended complaint from being time-barred.

### *2. Relation Back Under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure*

Rule 15(c)(1)(A) permits an amended pleading to relate back to the date of original filing where "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15.  As New York law allows this, *see Hogan*, 738 F.3d at 518, this Court must evaluate the issue under N.Y. C.P.L.R. §§ 1024 and 203.

#### *i. N.Y. C.P.L.R. § 1024*

Under N.Y. C.P.L.R. § 1024, a party may make John Doe substitutions if the party meets two requirements.  "First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name . . . .  Second, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant."  *Hogan*, 738 F.3d at 519 (internal quotations and citations omitted).

Defendants argue that Plaintiff failed to describe the Doe Defendants in his original

complaint "in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 519 (internal quotations and citations omitted). However, Plaintiff's pleadings made clear his intention to sue, among others, every officer who participated in his arrest. Because for purposes of this motion the Court must assume the truth of Plaintiff's allegation that the Doe Defendants were those officers, the Court must conclude that the Doe Defendants were fairly apprised that they were the ones against whom Plaintiff intended to assert a claim. *See Duncan v. City of New York*, No. 11-CV-3901, 2014 WL 3530858, *3 (E.D.N.Y. July 15, 2014).

However, there is no indication that Plaintiff diligently tried to determine the names of the Doe Defendants prior to filing the original complaint or prior to the expiration of the statute of limitations beyond the Freedom of Information request sent to the City of Syracuse, which was denied on February 5, 2019. *See* Dkt. No. 10. The lapse of a month before forwarding that letter to the Court to ask for additional assistance cannot be construed as due diligence to identify Defendants by name. *See id.*; *but cf. Hogan*, 738 F.3d at 519 (holding that a party satisfied the requirements of C.P.L.R. § 1024 where the party served multiple unanswered discovery requests to ascertain the identities of the John Doe defendants and included substantial detail in the complaint regarding the appearances of the John Does). As both requirements of C.P.L.R. § 1024 must be met, Plaintiff's amended complaint fails to relate back under this rule.

### ii. N.Y. C.P.L.R. § 203(c)

Under N.Y. C.P.L.R. § 203(c), claims against a new defendant can

> "relate back to timely filed pleadings when (1) the new claim arose out of the same conduct, transaction, or occurrence as the original allegations; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the new party knew or should have known that, but for a mistake as to the

11

> identity of the proper parties, the action would have been brought
> against him as well."

*Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, *6 (E.D.N.Y. July 11, 2014) (quoting *JCG v. Ercole*, No. 11 Civ. 6844, 2014 WL 1630815, *15 (S.D.N.Y. Apr. 24, 2014)).

As stated previously, there is no question that the claims asserted in the amended complaint arise from the same conduct set forth in the original complaint. *See* Dkt. No. 28 at 2. However, with regards to the second prong of the statute, Plaintiff presents no evidence that Defendants' interests are united with each other aside from having the same employer. *See Noga v. City of Schenectady Police Officers*, 169 F. Supp. 2d 83, 92 (N.D.N.Y. 2001). "Having the same employer is inadequate to establish that [one individual defendant's] interests were united with the other defendants' interest. There is no evidence to suggest that [one individual defendant's] interests will stand or fall with the other defendants," *id.*, nor is there evidence that an individual Defendant will be "'vicariously liable for the acts of the other.'" *Walker v. Agro*, No. 96-CV-5414, 2000 WL 744536, *4 (E.D.N.Y. May 19, 2000) (quoting *L & L Plumbing & Heating v. DePalo*, 677 N.Y.S.2d 153, 154 (2d Dep't 1998)). Plaintiff's amended complaint, therefore, cannot satisfy the second prong of § 203(c).

Moreover, under the third prong of the statute, "the failure to name a defendant whom the plaintiff knows must be named does not constitute a 'mistake.' The third prong of § 203(c) 'employs the same standard of the federal rule.'" *Bender v. City of New York*, No. 14 Civ. 4386, 2015 WL 524283, *6 (S.D.N.Y. Feb. 10, 2015) (quoting *Sloane v. Town of Greenburgh*, No. 01 Civ. 11551, 2005 WL 1837441, *3 (S.D.N.Y. July 27, 2005)). Because Plaintiff's amended complaint cannot satisfy this element under Rule 15(c)(1)(C), it cannot satisfy the third prong of § 203(c) either. Accordingly, under Rule 15(c)(1)(C) and N.Y. C.P.L.R. §§ 1024 and 203(c),

12

Plaintiff's amended complaint does not relate back to the filing date of his original complaint.

### 3. *Tolling of the Limitation Period*

"Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quotation and other citation omitted). "In order for the doctrine of equitable estoppel to apply, a plaintiff must 'articulate . . . acts by defendant[ ] that prevented [plaintiff] from timely commencing suit. . . .'" *Ruso v. Morrison*, 695 F. Supp. 2d 33, 46 (S.D.N.Y. 2010) (quotation omitted and alterations in original). "Evidence that the plaintiff 'was the victim of fraud, misrepresentations, or deception' alone is insufficient unless the plaintiff demonstrates that 'those circumstances prevented him from timely filing his complaint.'" *Id.* (quotation omitted). "'Due diligence on the part of the plaintiff in bringing [an] action,' however, is an essential element of equitable relief." *Abbas*, 480 F.3d at 642 (quotation omitted).

"'[W]here fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation.'" *Ruso*, 695 F. Supp. 2d at 47 (quoting *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 134 (2d Cir. 2000)). "'[E]quitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled.'" *Id.* (quotation omitted).

Although whether the plaintiff exercised reasonable diligence to discover his claim is often a question of fact, the plaintiff may fail as a matter of law to satisfy this obligation. *See id.* (citation omitted). The question is not whether the plaintiff was in possession of all information potentially available to him, but instead, "'whether plaintiff knew enough to sue.'" *Id.*

(quotation and other citation omitted). Moreover, even where equitable tolling might otherwise apply, the burden is on the plaintiff to show "'that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim "have ceased to be operational."'" *Id.* (quotations omitted). Therefore, equitable tolling will not save Plaintiff's claims unless a reasonable person in his situation, through the exercise of due diligence, would not have been able to bring this action until on or after May 30, 2019. *See Simcuski v. Saeli*, 44 N.Y.2d 442, 450–51 (1978).

In *Simcuski v. Saeli*, the New York State Court of Appeals held that "due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel, to be demonstrated by the plaintiff when he seeks the shelter of the doctrine." *Simcuski*, 44 N.Y.2d at 450 (citation omitted). According to the Court of Appeals,

> the burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational. Whether in any particular instance the plaintiff will have discharged his responsibility of due diligence in this regard must necessarily depend on all the relevant circumstances. The length of the legislatively prescribed period of limitations is sometimes said to be relevant, and courts have held that in no event will the plaintiff be found to have exercised the required diligence if his action is deferred beyond the date which would be marked by the reapplication of the statutory period, *i.e.*, that the length of the statutory period itself sets an outside limit on what will be regarded as due diligence.

*Id.* at 450-51 (citation omitted).

In *Gross v. New York City Health & Hosp. Corp.*, 122 A.D.2d 793 (2d Dep't 1986), the plaintiff brought suit against the defendant alleging that her child was paralyzed as a result of the defendant's negligence and medical malpractice. *See id.* at 793. The plaintiff argued that the defendant should be equitably estopped from asserting a statute of limitations defense in light of

her allegations of "'fraud perpetrated by the agents, servants and/or employees of Coney Island Hospital, who misrepresented'" the cause of injury to her child as an "'Act of God' and 'some form of birth defect.'" *Id.* at 794. Disagreeing with the plaintiff, the appellate division held that, among other things, "there is nothing upon which to predicate a finding of scienter on the hospital's part, *i.e.*, that it deliberately intended to dissuade [the plaintiff] from seeking legal redress." *Id.*

In the present matter, as in *Gross*, Plaintiff fails to make any plausible allegation that Defendants knew of and intentionally concealed any illegal activity. Moreover, Plaintiff failed to provide the Court with any submissions in opposition to Defendants' motion to dismiss. Plaintiff filed his original complaint less than four months before the statute of limitations period expired. *See* Dkt. No. 1. The statute of limitations expired by the time Police Chief Frank Fowler was served, which precipitated the delivery of the names of Defendants. *See* Dkt. No. 14. While it appears that Plaintiff received a letter from the City of Syracuse Office of the Corporation Counsel denying a Freedom of Information request for the names of Defendants dated February 5, 2019, this was after the limitations period had expired; Plaintiff also waited an additional month before forwarding this letter to the Court, asking for assistance in obtaining these names. *See* Dkt. No. 10. It is further unknown as to what steps Plaintiff took during the course of preparing for his complaint, prior to the expiration of the statute of limitations, to obtain the names of Defendants. *See generally* Dkt. No. 10. Plaintiff fails to allege any facts indicating that Defendants engaged in fraud, misrepresentations, or deceit, preventing Plaintiff from timely filing this action.

Based on the foregoing, the Court finds that Plaintiff has failed to allege facts establishing that Defendants should be estopped from relying on the statute of limitations as an affirmative defense. As such, the Court grants Defendants' motion to dismiss as to Plaintiff's false arrest and conspiracy causes of action.

C.  **Defendant Heard**

Plaintiff's only remaining claim is the conspiracy claim asserted against Defendant Heard, who is not a state actor.[4] Private parties act under the color of state law if they jointly participate or conspire with a state actor to violate an individual's federal rights. *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *see also Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act"). "A private actor will be found to have acted jointly with a state actor if he and the state actor somehow reached an understanding to violate the plaintiff's civil rights." *Fisk*, 401 F. Supp. 2d at 376 (citations and internal quotations omitted).

To state a Section 1983 conspiracy claim, the plaintiff must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal; (4) which causes harm to the plaintiff. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). A plaintiff "'is not required to list the place and date of defendants' meeting and the summary of their conversations when he pleads conspiracy,' ... but

---

[4] The Court notes that Defendant Heard has not appeared in this action. Pursuant to 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted...." 28 U.S.C. § 1915(e)(2)(B). Although courts generally should not dismiss a case *sua sponte*, such a dismissal is appropriate where the plaintiff has been afforded an opportunity to be heard and fails to take advantage of that opportunity. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Here, Plaintiff failed to respond to the moving Defendants' motion to dismiss. As such, the Court finds that *sua sponte* dismissal of the only remaining claim is appropriate. *See Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994).

the pleadings must 'present facts tending to show agreement and concerted action.'" *Fisk*, 401 F. Supp. 2d at 376 (quotations omitted). "Without 'a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" *Id.* (quotation and other citation omitted).

"Claims alleging conspiracies to violate civil rights are held to a heightened pleading standard." *Brewster v. Nassau Cnty.*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) (citing *Julian v. N.Y.C. Transit Auth.*, 857 F. Supp. 242, 252 (E.D.N.Y. 1994)). This heightened pleading standard is necessary because

> [t]he need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If a plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a "conspiracy" between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a "plausible" conspiracy claim. As the Second Circuit has emphasized, these conspiracy claims are "so easily made and can precipitate such protracted proceedings with such disruption of governmental functions" that "detailed fact pleading is required to withstand a motion to dismiss" them.

*Harrison v. New York*, 95 F. Supp. 3d 293, 323-24 (E.D.N.Y. 2015) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981)).

In the present matter, the Court finds that Plaintiff has failed to plausibly allege a conspiracy claim. Plaintiff failed to set forth any allegations of agreement or "meeting of the minds" between Defendant Heard and the state actors. Rather, Plaintiff has simply alleged that Defendant Heard called the police on Plaintiff and provided false statements in the criminal complaint filed against him. These allegations fall far short of stating a plausible conspiracy claim. *See Fisk*, 401 F. Supp. 2d at 377; *see also Harrison*, 95 F. Supp. 3d at 324 (holding that

17

the plaintiff failed to allege a plausible conspiracy claim where he alleged that private individuals provided false information to police officers that implicated the plaintiff in a crime); *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 404 (S.D.N.Y. 2004) (holding that a private party who calls for police assistance is not rendered a state actor under Section 1983, even if the call caused the plaintiff's detainment).

Accordingly, the Court *sua sponte* dismisses the conspiracy claim against Defendant Heard.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants Shipe, Kowalewski, Tom, and Beaupre's motion to dismiss is **GRANTED** in its entirety; and the Court further

**ORDERS** that the claim against Defendant Heard is **DISMISSED** *sua sponte* in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 15, 2019
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge